**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5058**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

TIMOTHY NORMAN SUTPHIN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:09-cr-00129-JAB-1)

Submitted:  June 30, 2011                Decided:  August 2, 2011

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Carlyle Sherrill, III, SHERRILL & CAMERON, PLLC, Salisbury, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Norman Sutphin appeals from his conviction and 235-month sentence, entered pursuant to his guilty plea to conspiracy to distribute methamphetamine. On appeal, Sutphin's attorney has filed an Anders v. California, 386 U.S. 738 (1967) brief, contending that there are no meritorious issues on appeal, but nevertheless arguing that the sentence imposed was procedurally unreasonable because the district court failed to consider the 18 U.S.C.A. § 3553 (West 2000 & Supp. 2011) factors when imposing sentence. Neither the Government nor Sutphin filed a brief. We affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In determining the procedural reasonableness of a sentence, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51.

"Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d

325, 330 (4th Cir. 2009) (internal quotation marks omitted). In evaluating the district court's explanation of a selected sentence, we have held that the district court "need not robotically tick through § 3553(a)'s every subsection," but need only "provide [this court] an assurance that the sentencing court considered the § 3553(a) factors with regard to the particular defendant." United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (internal quotation marks and citation omitted). On appellate review, we will not evaluate the adequacy of the sentencing court's explanation for its sentence "in a vacuum," but rather will consider "[t]he context surrounding [its] explanation." United States v. Montes-Pineda, 445 F.3d 375, 381 (4th Cir. 2006).

Sutphin stated no objection to the presentence report ("PSR") or to the advisory Guidelines range calculation within which he was sentenced. At sentencing, defense counsel sought a sentence at the low end of the Guidelines range (235-293 months), but did not explicitly reference any specific § 3553(a) factors. Thus, our review is for plain error. United States v. Lynn, 592 F.3d 572, 579-80 (4th Cir. 2010).

We find that Sutphin fails to demonstrate that the district court's explanation supporting its chosen sentence was insufficient. Sutphin made no objections to the findings and calculations in the PSR, which the court explicitly adopted.

3

The court heard and considered counsel's argument advancing Sutphin's personal circumstances and requesting a sentence at the low end of the Guidelines range. The court then heard from Sutphin himself. The court stated that it considered the advisory Guidelines range to be appropriate, provided reasons for the chosen sentence,[*] and imposed the sentence requested by Sutphin. Accordingly, despite the rather abbreviated nature of the sentencing hearing and the district court's failure to explicitly reference § 3553, we conclude that there was no plain error in the district court's imposition of sentence.

In accordance with Anders, we have examined the entire record in this case for meritorious issues and found none. Accordingly, we affirm Sutphin's conviction and sentence. This court requires that counsel inform Sutphin in writing of his right to petition the Supreme Court of the United States for further review. If Sutphin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may motion this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sutphin. We dispense with oral argument because

---

[*] Indeed, the district court's reasons were appropriate factors for consideration under § 3553. See 18 U.S.C.A. § 3553 (listing *inter alia* "history and characteristics of the defendant").

4

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED